**ORIGINAL**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

REBECCA A. PERLMUTTER
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 27 2020

at 4 o'clock and 36 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR20 00010 DKW |
| Plaintiff, | INFORMATION |
| vs. | [18 U.S.C. § 1343] |
| KELAUKILA ESTABILIO, | |
| Defendant. | |

INFORMATION

The United States Attorney charges:

<u>Wire Fraud</u>
(18 U.S.C. § 1343)

1. From at least in or around December 2012 and continuing to in or around January 2019, within the District of Hawaii and elsewhere, KELAUKILA ESTABILIO, the defendant, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material facts, well knowing at the time that such pretenses, representations, and promises would be and were false when made.

SCHEME TO DEFRAUD

2. ESTABILIO, worked for Kua O Ka La Public Charter School ("Kua O Ka La"), located in Pahoa, Hawaii, from 2006 through January 2019. Ho'oulu Lahui was the Kua O Ka La's facility and financial support entity, known as a "Friends of" (collectively, Kua O Ka La and Ho'oulu Lahui are the "School").

3. ESTABILIO was the School's financial officer. In that role, she was responsible for managing and maintaining the books and records of the School and knew that the School maintained its bank accounts at Bank of Hawaii. ESTABILIO was not an authorized signer on the School's bank accounts, but she had access to all the school's banking and financial information. ESTABILIO also helped establish the School's financial and accounting policies, which she

purposely did not follow in knowingly taking and using unauthorized funds from the School for her and her family's personal expenses, such as for travel.

4. ESTABILIO knowingly took and used funds from the School for her and her family's personal expenses without authorization to do so. To conceal her embezzlement, ESTABILIO made materially false representations by falsifying the School's Quickbook financial records, purposely did not follow the School's financial procedures and policies that she had helped establish, and did not disclose her spending of the School's funds on personal expenses to anyone who worked at the School.

5. From at least December 2012 through January 2019, ESTABILIO charged her and her family's personal expenses on ESTABILIO's personal Capital One credit cards and subcards. After such expenditures, ESTABILIO paid off the Capital One credit card bills by knowingly causing unauthorized interstate wire withdrawals of funds and payments from the Kua O Ka La and Ho'oulu Lahui's bank accounts at Bank of Hawaii. The payments from the School's bank accounts that ESTABILIO directed to pay off her Capital One credit cards during that time period totaled approximately $628,835.13.

## THE WIRE COMMUNICATION

6. On or about October 11, 2018, within the District of Hawaii and elsewhere, and for the purpose of executing the scheme and artifice to defraud,

ESTABILIO did knowingly cause to be transmitted by means of wire communication in interstate commerce signals and sounds, namely the transfer of $4,225.12 from the School's bank account to pay ESTABILIO's Capital One credit card.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE NOTICE

1.  The allegations contained in the sole count of this Information are incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2.  The United States hereby gives notice to ESTABILIO, the defendant, that, upon conviction of the offense charged in the sole count of this Information, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343, alleged in the sole count of the Information.

3.  If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  DATED: January 27, 2020, at Honolulu, Hawaii.

*/s/ Judy Philips, FAUSA*

KENJI M. PRICE
United States Attorney
District of Hawaii

*/s/ Rebecca A. Perlmutter*

REBECCA A. PERLMUTTER
Assistant United States Attorney


United States v. Kelaukila Estabilio
Indictment
Cr. No. _____

5